UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION OF HEALTHCARE WORKERS,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL & RESEARCH CENTER AT OAKLAND,<br><br>Defendant. | Case No. 25-cv-04128-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION** |

## I. INTRODUCTION

Plaintiff National Union of Healthcare Workers ("the Union") brought this action seeking to compel arbitration as to whether or not Children's Hospital & Research Center at Oakland ("the Hospital") could implement a plan to "transition" its workers to become employees of the University of California, San Francisco ("UCSF"), given the collective bargaining agreements ("CBAs") applicable to the Union members employed by the Hospital. The Union's motion for a preliminary injunction to stop the "transition" from going forward on July 6, 2025, was denied. The former Hospital employees are apparently now UCSF employees and are not represented by the Union with respect to their current employment. Most, if not all, are now represented by the pre-existing unions that represent UCSF employees in its health care operations.

The Union is nonetheless pursuing the motion to compel arbitration that it originally filed, and which the Hospital opposed, prior to the decision on the preliminary injunction. The Union's reply brief was filed after that decision; it includes additional arguments in response to issues

identified in the order. The reply is also accompanied by evidentiary submissions directed at showing the "bargaining table history" supports Union's arguments that Section 1.5 of the CBAs does *not* provide a basis for the Hospital to "transition" its employees to UCSF, while remaining a separate entity.

Although the reply papers include "new" material, the Hospital need not be given the opportunity to submit an additional written response. As will appear, although this order will make some further reference to the new material submitted by the Union, the decision does not turn on any of that material. The motion to compel arbitration will be granted as to the Union's grievances filed under the CBA applicable to the Professionals ("Pros") unit, and will be denied as to the CBAs applicable to the Service and Technical ("S&T") unit and Business Office Clerical ("BOC") unit, both of which expired before the July 6, 2025, "transition" took place.

## II. DISCUSSION[1]

### A. Arbitration under the Pros CBA

There is no dispute that the Pros CBA was in effect at the time of the July 6, 2025, "transition." There is also no dispute that the CBA contains generally valid and enforceable provisions requiring that "[a]ny problem arising in connection with the application or interpretation of the provisions of this Agreement" be presented through a grievance procedure and, if not resolved there, arbitration.[2]

---

[1] The facts were described in the prior order and will not be recounted here.

[2] The Hospital faults the Union for invoking the Federal Arbitration Act ("FAA") in addition to the Labor Management Relations Act ("LMRA"). As the Hospital points out, the FAA does not strictly apply in the CBA context. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("When principles of federal labor law are involved, they supersede state contract law or other state law theories."); *but see United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 41 n. 9 (1987) ("[F]ederal courts have often looked to the [FAA] for guidance in labor arbitration cases, especially in the wake of the holding that § 301 . . . empowers the federal courts to fashion rules of federal common law . . . ."). Regardless of the applicability or inapplicability of the FAA, the Hospital does not suggest that the court lacks jurisdiction to grant a motion to compel arbitration pursuant to the CBA's arbitration clause and the LMRA.

The Hospital's opposition to the motion to compel arbitration includes some language suggesting it contends the disputes raised in the Union's grievance on behalf of the Pros unit are not arbitrable. Although the Hospital plainly contends S&T and BOC grievances are not arbitrable in light of the expiration of those CBAs, the "arbitrability" arguments it presents as to the Pros unit all go to the *merits* of the Union's claims. In essence the Hospital contends that because (in its view) Section 1.5 fully authorized it to proceed with the "transition," none of the Union's claims of breach as to other provisions in the CBA are viable.[3]

To be sure, the order denying a preliminary injunction found the Union had failed to establish the view it intends to "espouse in arbitration is sufficiently sound to prevent the arbitration from being a futile endeavor." *Amalgamated Transit Union, Div. 1384 v. Greyhound Lines, Inc.*, 529 F.2d 1073, 1077–78 (9th Cir.), vacated on other grounds *sub nom. Greyhound Lines, Inc. v. Amalgamated Transit Union, Div. 1384, AFL-CIO*, 429 U.S. 807 (1976). At this juncture, however, the court's views on the Union's chances of success in arbitration are simply no longer relevant.[4] Because the various allegations of breach of the Pros CBA made by the Union all fall within the broad language of the arbitration provision—"any problem arising in connection with the application or interpretation of the provisions of this Agreement"—and the Hospital has made no real argument to the contrary, the motion to compel arbitration must be granted with respect to the Pros CBA.[5]

---

[3] The Hospital argues the grievance does not allege any breach of Section 1.5. While that is true, the grievance does expressly assert the Hospital was offering an incorrect interpretation of that section to excuse what otherwise would plainly be breaches of other provisions of the CBA. The Hospital offers no reason why the correct interpretation of Section 1.5 is not therefore an arbitrable issue even without an allegation of breach of that section itself.

[4] As noted, on reply the Union offers additional arguments and evidence in support of its claim that Section 1.5 must be understood as inapplicable where the Hospital is continuing to exist and operate as a separate entity, and only the workforce has been transferred to UCSF. The persuasiveness of those arguments is for the arbitrator to decide.

[5] While it is unclear what remedies could be imposed at this juncture were the arbitrator to find for the Union, that is not a basis to deny the motion.

### B. The S&T and BOC CBAs

Again, there is no dispute that the S&T and BOC CBAs expired on April 30, 2025, slightly more than two months before the July 26, 2025, "transition" took place. The expiration of a CBA does not *automatically* mean there is no right to arbitrate a dispute that arose under the agreement. An arbitration provision in a CBA "may in some cases survive in order to enforce duties arising under the contract." *Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190, 208 (1991).

In *Litton*, the Supreme Court explained that a dispute can be "said to arise under the contract" and therefore remain arbitrable after expiration of the CBA "only [1] where it involves facts and occurrences that arose before expiration, [2] where an action taken after expiration infringes a right that accrued or vested under the agreement, or [3] where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. *Id.* at 206.[6]

Taking those circumstances in reverse, the Union has not argued, and cannot reasonably argue, normal contract interpretation rules permit a conclusion that the Hospital would have any obligation under the CBAs to refrain from "transitioning" the employees to UCSF once the CBAs were no longer in effect. Similarly, the Union does not contend, and has no viable argument, that the transition—an "action taken after expiration" infringed any right that "accrued or vested under the agreement[s]."

The Union instead argues solely that its grievance "involves facts and occurrences that arose before expiration." The "facts and occurrences" on which the Union relies, however, all

---

[6] The Union insists the result here is governed not by *Litton*, but by an older Supreme Court precedent, *Nolde Brothers, Inc. v. Bakery Workers*, 430 U.S. 243 (1977). *Litton* explained, however, that *Nolde* only applies to "disputes arising under the contract," *i.e.*, those falling into one of the three categories listed above. *Id.* at 205-06. This is because "[t]he object of an arbitration clause is to implement a contract, not to transcend it." *Id.* at 205.

represent steps taken by the Hospital to prepare for, and advise stakeholders regarding, the action it intended to take *after* the contracts were to expire—action that could not constitute a breach of the expired contracts. The Union points to no CBA provision that prohibited the Hospital from planning to carry out post-expiration changes, even if those changes would not have been permissible while the agreements remained in effect.

Indeed, although some of the points raised in the grievances were phrased in the present tense, the clear thrust was the allegation that the Hospital would be in breach of virtually every provision of the CBA *if* it went through with the announced "transition" plan. See Yahya Decl., ¶ 21, Exhibit F. Because the CBAs were expired by the time the transition took place, there are no viable allegations of breach to be arbitrated. The motion to compel must be denied as to the S&T and BOC CBAs.

Because the ultimate relief sought in this action was an order compelling arbitration, the Clerk is directed to close the file. Any party may move to reopen in the event it contends further court proceedings have become necessary in the course of, or following, arbitration.

**IT IS SO ORDERED**.

Dated: July 22, 2025

RICHARD SEEBORG
Chief United States District Judge